IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVE GEISLER and RENEE GEISLER,

Plaintiffs,

vs.                                         Case No. 11-1113-JTM

DON HUNT & ASSOCIATES, INC., and
ALLSTATE INSURANCE CO.,

Defendants.

MEMORANDUM AND ORDER

The Geislers are involved in a flood insurance dispute with Allstate and Don Hunt &

Associates. The couple seeks remand of their action to state court, and Don Hunt urges dismissal of

Counts III and V of the Complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6),

specifically arguing the Counts fail to satisfy the requirement of pleading fraud with particularity

under Rule 9(b).[1]

The Motion to Remand to State Court (Dkt. No. 18 ) is denied. The Motion to Dismiss (Dkt.

No. 7) Counts III and V is granted.[2] The Geislers have alternatively moved for leave to file an

Amended Complaint, and the court allows them until April 13, 2012, to do so. *See* FED. R. CIV. P.

---

[1]The court notes that Don Hunt filed its Rule 12(b)(6) motion to dismiss a few minutes after filing a Rule 12(e) motion for a more definite statement (which was denied). With certain exceptions, Rule 12 prohibits the filing of successive motions. An untimely Rule 12(b)(6) motion may be treated, however, as a Rule 12(c) motion for judgment on the pleadings, and the Court will treat it as such. *See Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *2 (D. Kan. Nov. 23, 2010). The court reviews Rule 12(c) motions under the same standards governing 12(b)(6) motions. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009).

[2]Don Hunt further requests dismissal of Count VI because the statute under which it was brought does not provide a private cause of action. The Geislers admit this in their brief, thus, Count VI is dismissed with prejudice.

15(a)(2).

## I. The Motion to Remand to State Court

### A. Arguments for Removal, Arguments for Remand

After Allstate denied two claims for flood damage to the contents of their home, the Geislers filed suit in state court. The Geisler's allege eight Counts: (1) negligence, (2) negligent misrepresentation, (3) fraudulent misrepresentation, (4) misrepresentation by silence, (5) fraud, (6) violation of the unfair trade practices act, (7) breach of contract, and (8) a K.S.A. § 40-256 demand for attorney's fees. Generally, the Geislers argue that they already had *property* flood insurance for their home, and that Don Hunt and Allstate failed to procure *content* flood insurance for what was inside the home. They allege that Don Hunt and Allstate promised that the Geisler's contents would be insured, and, therefore, the Geislers suffered damages after their basement flooded.

The action was removed to this court by Allstate (Dkt. No. 1). In removing the action, Allstate argued federal jurisdiction existed under 28 U.S.C. § 1332 (diversity of citizenship), § 1367 (supplemental), § 1337 (Act of Congress regulating commerce), § 1331 (federal question), and under 42 U.S.C. § 4072 (exclusive jurisdiction where Standard Flood Insurance Policies involved). In their motion for remand, the Geislers argue that 42 U.S.C. § 4072 cannot be a valid ground for federal jurisdiction because no flood insurance policy was actually procured, and that removal under § 1332 was inappropriate. Allstate opposed the motion for the same reasons outlined in its notice of removal, and added arguments under 28 U.S.C. 1441(c) (actions removable generally), which had been mentioned in passing in its notice of removal. Don Hunt opposes the motion, based on § 1331 and 42 U.S.C. § 4072 arguments similar to Allstate's. In reply, the Geislers argue that all other

2

grounds suggested for federal jurisdiction are inapplicable.

### B. Diversity, Supplemental, § 1441(c), and § 1337 Jurisdiction Are Not Relevant

Regarding § 1332 diversity jurisdiction, Don Hunt is from Kansas, and so are the Geislers. Thus there is not complete diversity. Allstate asserts in its Notice of Removal that Don Hunt was improperly joined by the Geislers to avoid federal jurisdiction. But Allstate does not defend the assertion of improper joinder in its brief. Nor does Don Hunt argue it was fraudulently joined. This is insufficient to sustain removal for diversity upon a motion to remand.

As for § 1367 supplemental jurisdiction being grounds for removal to federal court, Allstate misunderstands the concept. Section 1367 does not create grounds for removal to federal court – it extends jurisdiction to claims in cases where federal jurisdiction already exists. Next, § 1441(c), which explicitly presupposes § 1331 federal question jurisdiction, is simply not pertinent here. Addressing the § 1337 argument, Allstate and Hunt rely exclusively on the idea that the National Flood Insurance Act (NFIA) is relevant to the present action, and that the NFIA regulates commerce. But if the NFIA is relevant, then jurisdiction generally attaches via 42 U.S.C. § 4072. It does so here, and so an analysis of whether jurisdiction might also attach under § 1337 is unnecessary.

### C. The National Flood Insurance Program and 42 U.S.C. § 4072: How it Works

The National Flood Insurance Program (NFIP) was established by Congress under the National Flood Insurance Act of 1968, to make flood insurance available from the federal government on reasonable terms and conditions. 42 U.S.C. §§ 4001 *et seq*. The Director of the Federal Emergency Management Agency (FEMA) functions as the sole administrator of the NFIP.

*Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002). Under FEMA regulations, all policies issued under the NFIP must be issued under the terms and conditions of the Standard Flood Insurance Policy (SFIP). *Id*. Under these terms, Allstate operates as an insurance carrier under FEMA's Write-Your-Own (WYO) Program.

The WYO Program allows private insurance companies to issue, under their own names as insurers, flood insurance policies under the government program. *Id*. Insurance companies that participate in the WYO Program are known as WYO Companies. *Id*. A WYO Company issuing flood insurance coverage arranges for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under NFIP, based upon the terms and conditions of the SFIP. *Id*.

Premiums collected by WYO Companies, after deducting fees and costs, must be deposited in the National Flood Insurance Fund in the United States Treasury. *Id*. Premiums collected on policies written by a WYO Company do not belong to that company – they are a direct charge on the United States Treasury. *Id* at 600. Under 42 U.S.C. § 4072, federal courts are granted original exclusive jurisdiction to hear actions involving SFIP claims. Thus, federal courts with jurisdiction under 42 U.S.C. § 4072  also have jurisdiction under 28 U.S.C. § 1331.

### D. 42 U.S.C. § 4072: How it Applies Here

#### 1. The Complaint Includes a Claim Handling Issue

The difference between flood insurance *claim handling* and flood insurance *procurement* has sometimes determined the existence of federal jurisdiction under the NFIA. *See, e.g.*, *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp.2d 531 (E.D. La. 2006) (holding no federal jurisdiction if issues

relate only to procurement). The Geislers argue that because all of their allegations deal with *procurement* of flood insurance, there is no federal jurisdiction. Allstate argues the Complaint alleges a *claim handling* problem, and so exclusive federal jurisdiction exists under 42 U.S.C. § 4072. Allstate points to Count VII, in which the Geislers allege "Allstate agreed to provide flood content coverage . . . [b]y its failure and refusal to pay the balance due . . . Allstate has materially breached the contract." Compl. ¶¶ 59, 62. If Allstate breached the contract, the argument goes, then it logically must have procured it. Allstate's argument is diminished somewhat because it denied the existence of an agreement to provide flood contents coverage in its Answer.

Yet Allstate's argument that Count VII involves a claim handling problem – not a policy procurement problem – is more persuasive. The negligence, misrepresentation, fraud claims, and the Complaint as a whole support the Geisler's argument that there was no procurement of flood insurance for the contents of their home. But this court finds it impossible to get around the actual language of Count VII. The "breach of contract" must refer to a flood insurance policy for the contents of the Geisler's home. And if there was a flood insurance contract that could be breached, it would involve NFIP – invoking exclusive federal jurisdiction under 42 U.S.C. § 4072.

### 2. Policy Procurement Issues Also Fall Under 42 U.S.C. § 4072

The distinction between claim handling and policy procurement does not make a difference. To the extent there are no claim handling issues in the Complaint, this court finds that state law policy procurement claims are preempted by federal law – 42 U.S.C. § 4072 still applies. The Fifth Circuit is the only United States Court of Appeals to have addressed the question of whether preemption bars state law procurement claims. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir.

2005). The court found that federal law does *not* preempt state-law tort claims against a WYO insurer in connection with policy procurement. *Id*. at 758. But in July 2009, FEMA issued a WYO Program Bulletin announcing its disagreement with *Campo*. *Davis v. Nationwide Mut. Fire Ins. Co.*, 783 F. Supp.2d 825, 833 (E.D.Va. 2011). Courts have subsequently held that federal law *does* preempt state-law claims with respect to policy procurement as well as policy interpretation and claims handling by a WYO insurer. *See Davis*, 783 F. Supp.2d at 833; *Harbour Light Towers Ass'n, Inc. v. Ameriflood, LLC*, No. 10-2183, 2011 WL 2517222, at *4 (M.D. Fla. June 23, 2011); *Remund v. State Farm Fire & Cas. Co.*, No. 07-448, 2010 WL 2025591, at *3 (D. Utah May 18, 2010).

As these more recent holdings have indicated, several principles support preemption. First, an agency's interpretation of its own regulations deserves substantial deference unless it is plainly wrong or in violation of federal law. *Stinson v. United States*, 508 U.S. 36, 45 (1993). Preemption is suggested by 42 U.S.C. § 4081(c) coupled with 44 C.F.R. § 61.5(e), which "evidence an intent that WYO Carriers be shielded from liability for representations made by agents and brokers." *Remund*, 2010 WL 2025591 at *5. Further, federal funds may be at stake in procurement claims because FEMA may reimburse a WYO insurer for litigation expenses. *Moffett v. Computer Sci. Corp.*, 457 F. Supp.2d 571, 587 (D. Md. 2006). Although FEMA may refuse to reimburse a WYO insurer for actions significantly outside the scope of the WYO arrangement, the definition of what is outside the scope is left to FEMA. *Id*. at 586-87. Finally, FEMA meant to provide WYO insurers with protections from state-law claims. *Remund*, 2010 WL 2025591 at *5.

For these reasons, exclusive federal jurisdiction exists under 42 U.S.C. § 4072.

6

**II. The 12(b)(6) Motion to Dismiss for Lack of 9(b) Particularity**

Don Hunt moves to dismiss Count III, which alleges fraudulent misrepresentation, and Count V, which alleges fraud.[3] According to FED. R. CIV. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Tenth Circuit has held that a complaint alleging fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements, and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d at 1202, 1236 (10th Cir. 2000). At a minimum, this requires that a plaintiff set forth the "who, what, when, where and how of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006).

The Geislers argue that the "who, what, when, where and how" are not required. They argue that Rule 9(b) must be read in harmony with Rule 8(a)(2), and because that rule does not require detailed factual allegations, neither does Rule 9(b). They further argue that there is nothing wrong with the Complaint because the defendants were able to file answers. The Geislers note that in *Smith v. MCI Telecommunications Corp.,* no specific person was required to be named in the complaint. *See* 678 F. Supp. 823, 825 (D. Kan. 1987). But the allegedly fraudulent acts in that case were not statements or writings, which does not seem to be the case here. *Id*. Even *Smith* notes that where fraud is alleged, the time, place, and content of false representations must be described in the complaint, as well as the identity of persons making those representations. *Id*. The best that can be said of the Geislers's argument is that the conclusion is wrong.

---

[3]Count VI was dismissed with prejudice at the beginning of this Order because both sides agree that the statute under which it was brought does not provide a private cause of action. In its reply, Don Hunt twice says Count II has a pleading deficiency requiring dismissal, and once says Count IV has a pleading deficiency, but no motion has been brought on those Counts.

In pertinent part, Count III provides:

39. Defendants, in the course of their business dealings with Plaintiffs, supplied false information to Plaintiffs as guidance in their business transactions [and plaintiffs were damaged]

40. Defendants supplied false and misleading information in the course of their relationship, including, but not limited to: flood contents coverage [before the April and September 2009 floods]

41. [Defendants did so knowingly or recklessly]

42. Plaintiffs . . . relied on Defendants representations that Plaintiffs had . . . purchased a flood insurance policy that included contents coverage for their home on Overland Trail Road.

In pertinent part, Count V provides:

51. Defendants, in the course of their business dealings with Plaintiffs, knowingly or recklessly made false statements concerning existing and material facts [that were relied upon]

52. Defendants knowingly or recklessly made false statements, including, but not limited to: flood contents coverage [before the April and September 2009 floods]

Compl. ¶¶ 39-42, 51-52 (bracketed portions and ellipses altered).

The general allegations in the Complaint provide little guidance. The Complaint does not set forth *where* the alleged fraud and fraudulent misrepresentation occurred. This is a fatal flaw. Reading the general allegations together with the paragraphs above, the best that can be said as to *when* the fraud and fraudulent misrepresentation occurred is that it happened sometime between the beginning of January 2008 and early September 2009. This is too broad to satisfy Rule 9(b). *See Jameison v. Vatterott Educational Center, Inc.*, 473 F. Supp.2d 1153, 1157 (D. Kan. 2007) (holding a span of twelve to eighteen months too broad). The Counts do not say *which* defendant made *what* fraudulent statements, or *how*, except that the general allegations in paragraphs fifteen and twenty say "Don Hunt led Plaintiffs to believe that they had in fact purchased a flood insurance policy," and paragraph forty-two mentions "representations" by the defendants that the Geislers had purchased contents coverage for their home. This will not do. The pleadings are insufficient.

8

The Geislers have requested, in the alternative, leave to amend their Complaint. The Geislers attached an exhibit entitled "First Amended Petition for Damages" to their reply to the Motion to Dismiss. Don Hunt does not argue that undue delay, undue prejudice, or bad faith suggest that leave should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Instead, Don Hunt argues that because the exhibit does nothing but remove Count VI from the Complaint, there is evidence that amendment would be futile, and so leave should be refused. *See Frank*, 3 F.3d at 1365.

The exhibit, if actually filed as an Amended Complaint, would suffer from the same deficiencies as the current Complaint. But motions to amend are matters of discretion for a trial court. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452 (10th Cir. 1991). This court will not read futility into the exhibit. The exhibit is best interpreted as an admission that Count VI did not contain a valid cause of action, and reflects a desire to fix that problem. Because the court should freely give leave to amend when justice so requires, it will do so here. *See* FED. R. CIV. P. 15(a)(2).

IT IS ACCORDINGLY ORDERED this 20th day of March 2012, that Don Hunt's partial Motion to Dismiss (Dkt. No. 7) is granted. Count VI is dismissed with prejudice, but the Plaintiffs are otherwise granted leave until April 13, 2012, to amend the Complaint on Counts III and V.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Remand to State Court (Dkt. No. 18) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE